**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOYCE HUBB, etc.,

               Plaintiff,

vs.                                                  Case No. 3:07-cv-261-J-32TEM

WHITLEY TRUCKING, INC., etc.,

               Defendant.

**ORDER**[1]

This Fair Labor and Standards Act case is before the Court on plaintiff's Motion for Entry of Default Final Judgment (Doc. 9). Defendant, who appears to have been properly served (see Doc. 6), has not filed an appearance in this action. The Clerk entered a default against defendant upon motion and it appears that plaintiff's Motion for Entry of Default Final Judgment is due to be granted. First, however, the Court must calculate the damages award due plaintiff. While her counsel has provided sufficient evidentiary support upon which the Court can reasonably calculate the amount of attorney's fees and costs to award (see 29 U.S.C. § 216(b), authorizing attorney's fees and costs to the prevailing party in an FLSA action), the Court finds plaintiff's current affidavit fails to supply the Court with "a just and reasonable inference" upon which to calculate the amount of unpaid wages. Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513 (11th Cir. 1993) (citation omitted). Although proof of damages may be put forth by affidavit averments alone in a case where the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

defendant holds the records upon which more exacting calculations might be made, <u>Liu v. Jen Chu Fashion Corp.</u>, 2004 WL 33412 (S.D.N.Y. Jan. 7, 2004), the Court is not required to accept such evidence unquestioningly. <u>Wales v. Jack M. Berry, Inc.</u>, 192 F.Supp.2d 1269, 1290 (M.D. Fla. 1999).  Here, further inquiry seems appropriate if the Court is to exercise its duty to make calculations which are "just and reasonable." <u>Caro-Galvan</u>, 993 F.2d at 1513. Thus, the Court will defer ruling on the motion to give plaintiff an opportunity to supplement her materials.  Without specifically directing what form such supplementation should take, the Court notes that plaintiff's counsel's affidavit references a conference regarding "clarification of hours worked, time records maintained and amounts paid."  Doc. 9, Ex. 1 to Ex. C.   Evidence of any of those records or any other records documenting plaintiff's employment with defendant (such as pay stubs, tax returns, time sheets) might help support plaintiff's claim, as would an affidavit that contains more detail regarding the hours allegedly worked.  Additionally, plaintiff should clarify which 52 week period of the 156 weeks that she allegedly worked for defendant falls within the statutory period of wages that she is seeking.[2]

Plaintiff shall provide any such supplementation no later than **October 17, 2007**.

While plaintiff is working to shore up her proof, the Court will permit defendant a further opportunity to participate before judgment is entered.  Thus, plaintiff is directed to serve a copy of this Order and plaintiff's Motion for Entry of Default Final Judgment on defendant and to file a certificate of such service forthwith.  Defendant shall file and serve

---

[2]Plaintiff should further explain whether judgment and an award of damages based on the 52 week period will satisfy in full her claim for unpaid wages for "all hours worked" contained in her complaint.

2

any response to this motion, as supplemented, no later than **November 2, 2007**. **Defendant is advised that its failure to make an appearance and be heard on these matters by November 2, 2007 will likely result in the entry of judgment against it without further notice.**

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of September, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record