**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOYCE HUBB, on behalf of
herself and those similarly situated,

        Plaintiff,

vs.                                        CASE NO. 3:07-cv-261-J-32TEM

WHITLEY TRUCKING, INC., a Florida
Corporation,

        Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Motion for Entry of Default Final Judgment against Defendant Whitley Trucking, Inc. (Doc. #9). The Defendant has not responded to the motion for default judgment. This matter has been referred to the undersigned for issuance of a report and recommendation to the District Judge.

**I. PROCEDURAL HISTORY.**

Plaintiff initiated this lawsuit under the Fair Labor and Standards Act (FLSA) alleging claims for unpaid overtime compensation, liquidated damages, and reasonable attorney fees and costs. (*See* Doc. #1, Complaint, at 1.) Plaintiff alleged Defendant failed to pay her overtime compensation during her employment with Whitley Trucking, Inc. (Doc. #1). Defendant, who appears to have been properly served (*see* Doc. #6), has not filed an

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* U.S.C. 28 § 636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

appearance in this action.  At the Plaintiff's request, the clerk entered a default against Defendant on May 22, 2007 (Doc. #8).  On July 20, 2007, Plaintiff filed a Motion for Entry of Default Final Judgment (Doc. #9).  In support of her motion, Plaintiff filed an Affidavit for Reasonable Attorneys' Fees by Kelly Amritt (Doc. #9, Exhibit C), a time sheet of work performed by Plaintiff's counsel (Doc. #9, Exhibit C1), and the Affidavit of Joyce Hubb (Doc. #9, Exhibit B).  The Affidavit of Joyce Hubb estimated the number of hours Plaintiff worked for Defendant as well as the total amount of wages she is owed (Doc. #9, Exhibit B at 1).

On September 24, 2007, the Court issued its Order directing Plaintiff to supplement the Motion for Entry of Default Final Judgment with additional documentation regarding the hours allegedly worked (Doc. #10 at 2).  On October 17, 2007, Plaintiff gave notice of the filing of an amended affidavit in support of her motion (Doc. #12).  However, there was a discrepancy between the number of hours Plaintiff alleged to have worked in her affidavit and the sampling of time sheets she provided, so the Court determined an evidentiary hearing was necessary to ascertain the appropriate amount of damages to be awarded (Doc. #13 at 1-2).  On December 17, 2007, the matter was referred to the undersigned to conduct an evidentiary hearing and issue a Report and Recommendation on the appropriate amount of compensatory damages, any liquidated damages provided by law, and reasonable attorney fees and costs (Doc. #13 at 2).

The evidentiary hearing was held on January 25, 2008 before Magistrate Judge

James R. Klindt.[2]  Defendant was provided notice of the hearing on January 11, 2008 via certified mail (*see* Doc. #14).  However, Defendant failed to appear.  Plaintiff appeared in person at the hearing and Plaintiff's counsel was permitted to appear telephonically.

During the course of the hearing, the Court inquired about the procedure for completing the time sheets and submitting them to Whitley Trucking (Doc. #17, Transcript at 7-8).[3]  Plaintiff stated that the time sheets included the dates the employee worked, the company name and job name for the work, and the ticket number or job code for that particular assignment (Tr. 7-8).  The Plaintiff also explained that the employees filled in all the relevant information and submitted the weekly time sheets to Mr. Whitley (Tr. 11).  Plaintiff began retaining a copy of her weekly time sheet after learning Mr. Whitley discarded the original documentation (Tr. 12).  When the Court questioned Plaintiff about the discrepancy in the hours of overtime claimed in her affidavit versus the hours listed on the limited number of weekly time sheets in the Court's possession, the Plaintiff stated that additional time logs were in her possession (Tr. 12-13).  At that time the Court directed Plaintiff to provide all weekly time sheets in her possession to counsel, so Plaintiff's counsel could submit those records to the Court (Tr. 21-24).

The Court inquired into the repetition of trip tickets, and although Plaintiff could not explain the identical trip tickets, she clarified that she was only paid once for the matching

---

[2]Due to unforeseen circumstances occurring after the hearing had been set, Magistrate Judge James R. Klindt conducted the evidentiary hearing in the absence of the undersigned.

[3]Hereafter, the Court will identify the transcript of that hearing as  "Tr.," followed by the appropriate page number.

trip tickets (Tr. 26). The Court also directed Plaintiff to submit Internal Revenue Service documentation, which was in Plaintiff's counsel's possession, classifying Plaintiff as an employee of Defendant (Tr. 20). The Court additionally allowed Plaintiff's counsel to file an updated fee ledger documenting the time expended on the evidentiary hearing (Tr. 19).

Thereafter, Plaintiff filed a revised fee ledger and supplemental documentation of Plaintiff's weekly time logs on February 1, 2008 (Doc. #16). The Defendant has not responded to the motion as of the time of writing this Report and Recommendation, and the time for responding has expired.

## II. APPLICABLE LAW.

A default judgment is appropriate only if the factual allegations in the complaint, which are taken as true due to the default, provide an adequate legal basis to find the defendant is liable. *Cotton v. Mass. Mut. Life Insurance. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). If the complaint fails to state a substantive cause of action, or there is no substantive, sufficient legal basis in the pleadings for the particular relief sought, then the court should not enter a default judgment. *See id.* "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A C. Wright, A Miller & M. Kane, Federal Practice & Procedure § 2688 at 58-59 (3d ed. 1998)). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 & n.13 (11th Cir. 2005) (citing Federal Rule of Civil Procedure 55(b)(2)).

However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

## III. ALLEGATIONS OF THE COMPLAINT.

Plaintiff was employed by Whitley Trucking, Inc. (Doc. #1 at 1).  Plaintiff performed work as a driver in and around Duval County, Florida (Doc. #1 at 1).  Whitley Trucking, Inc. classifies as an employer as defined in the FLSA, and was engaged in interstate commerce as required by the FLSA, 29 U.S.C. 203(d), (r), (s).  (*See* Doc. #1 at 2.)  Mr.  Whitley is the owner and/or operator of Whitley Trucking, Inc. (Tr. at 8, 11).  Mr. Whitley was substantially in control of the terms and conditions of Plaintiff's work (Tr. at 5-8).

In Count I, Plaintiff alleges that she worked overtime hours and is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per work week (Doc. #1 at 2).  Plaintiff avers the Defendant did not properly compensate Plaintiff for her hours worked in excess of forty hours per week (Doc. #1 at 2).  Plaintiff further alleges that this violation of the FLSA was willful (Doc. #1 at 3).

## IV. ANALYSIS.

*A. FLSA Overtime Compensation Claim.*

1. Liability.

To prevail on a claim for payment of overtime compensation under the FLSA, a plaintiff must establish the following facts by a preponderance of the evidence:

> First: That the Plaintiff was employed by the Defendant
> during the time period involved;
> Second: That the Plaintiff was an employee [engaged in

> commerce or production of goods for commerce] [employed by an enterprise engaged in commerce or in the production of goods for commerce] and
>
> Third: That Defendant failed to pay Plaintiff the [minimum wage] [overtime pay] required by law.

Eleventh Circuit Pattern Jury Instruction-Civil 1.7.1 (2005).

The statute of limitations period for actions under the FLSA is normally two years, but can be extended to three years if the violation of the FLSA is willful. *See* 29 U.S.C. 255(a). The willful standard means the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 614 (1993).

By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Insurance. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact"). Defendant also admits that it was an employer and was required to comply with the FLSA. *See id.* Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See id.* Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for her work.

*B. Damages.*

1. Overtime Compensation.

The FLSA requires compensation at one and a half times the regular rate when employers cause their employees to work more than forty hours per week. *See* 29 U.S.C. § 207(a)(1). The Plaintiff has the burden of proving the amount of damages to be awarded.

*Anderson v. Mt. Clemens Pottery* Co., 328 U.S. 680, 686-87 (1946), *superseded in part by statute*, Portal-to-Portal Act of 1947, 29 U.S.C. 254 (as to the definition of "work").

The employee must satisfy his or her burden by producing "sufficient evidence to prove that he performed work for which he was improperly compensated" and "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (citing *Anderson*, 328 U.S. at 687).   When the employer has violated his duty to maintain adequate records and fails to provide evidence of the precise amount of work performed or other evidence to negate the plaintiff's prima facie case, the court may award approximate damages based on the employee's evidence.  *Anderson*, 328 U.S. at 687-88.

In her affidavit, Plaintiff attests that she worked for Defendant from September 2001 to May 17, 2005.  (Doc. #9, Exhibit B at 1, Doc. #12, Exhibit A at 1.)[4]  Plaintiff stated that she "generally worked six days per week, and approximately eighty (80) hours per week" and she was not provided "full and proper overtime compensation for [] [her] overtime hours worked."  (Doc. #9, Exhibit B at 1; Doc. #12, Exhibit A at 2.)  Plaintiff avers that her work day lasted from approximately "7:00a.m. until between 3:00 p.m. and 4:00 p.m." and from "approximately 7:00 p.m. until between 3:00 a.m. and 4:00 a.m."[5] (Doc. #12, Exhibit A at

---

[4]Although Plaintiff worked for Defendant from September 2001 to May 17, 2005, pursuant to a three year statute of limitations period under the FLSA for willful violations, Plaintiff is seeking to recover unpaid overtime compensation for the time period of May 17, 2004 to May 17, 2005 (Doc. #12, Exhibit A at 2).

[5]Although Plaintiff claims that she worked two eight hour shifts per day (Doc. #9, Exhibit B at 1; Doc. #12, Exhibit A at 2), her weekly time logs indicate that Plaintiff generally worked less than sixteen hours per day.  Plaintiff typically worked two shifts during a day, but the length of the shift varied from one hour to twelve hours.  Therefore, Plaintiff's estimation of sixteen hours per day is incorrect.

2.)  Plaintiff also supplemented her affidavit with weekly time sheets from her own records.[6]

(Doc. #12, Exhibit 2; Doc. #16, Exhibit B.)  Plaintiff attests that she was paid twelve dollars

per hour, for each hour worked (Doc. #9, Exhibit B at 1; Doc. #12, Exhibit A at 2 & Exhibit

1).  Because Plaintiff avers that her regular rate was twelve dollars per hour (*see id.*), her

overtime rate would be eighteen dollars per hour.[7]  Plaintiff seeks compensation at the

overtime compensation rate for all hours worked in excess of forty hours worked per week

(Doc. #9, Exhibit B at 1; Doc. #12, Exhibit A at 2).  Based on her estimation of monies due,

Plaintiff seeks $12,480 in unpaid overtime compensation (Doc. #9, Exhibit B at 2; Doc. #12,

Exhibit A at 3).[8]

        Although the Plaintiff attested that she was entitled to $12,480 in overtime

compensation, the Court found an evidentiary hearing was necessary to actually determine

the appropriate amount of damages to be awarded (Doc. #13 at 1-2).  At the evidentiary

hearing the Court directed Plaintiff to file all additional weekly time sheets in her possession

(Tr. at 20-24) and Plaintiff complied on February 1, 2008, by filing the supplemental

documentation in support of the motion for default final judgment  (Doc. #16).      A f t e r

reviewing Plaintiff's weekly time logs, (Doc. #12, Exhibit 2; Doc. #16, Exhibit B) the

---

[6]It should be noted that Plaintiff was unable to obtain any time records from the Defendant.

[7]Overtime compensation rates are computed by multiplying the regular rate by one and one-half.  *See* 29 U.S.C. § 207(a)(1).

[8]Based on Plaintiff's calculation she worked a total of 2,080 overtime hours (forty overtime hours worked each week multiplied by fifty-two weeks).  (Doc. #9, Exhibit B at 2; Doc. #12, Exhibit A at 2.)  Plaintiff attests her regular rate of pay for the relevant time period was twelve dollars per hour (Doc. #9, Exhibit B at 1; Doc. #12, Exhibit A at 2 & Exhibit 1). Plaintiff estimates that she is owed a total of $12,480 in unpaid overtime wages (twelve dollars divided by two equals six dollars, six dollars multiplied by 2,080 overtime hours equals $12,480).  (*See* Doc. #9, Exhibit B at 2; Doc. #12, Exhibit A at 2.)

undersigned finds that Plaintiff's weekly time sheets are sufficient evidence to demonstrate the amount and extent of the work she performed.  However, the total hours and overtime hours only include fifty weeks out of the fifty-two week relevant time period because two time logs were not in the Plaintiff's possession.  During the relevant time period of May 17, 2004 to May 17, 2005, the Plaintiff's time sheets indicate Plaintiff worked 2,796.75 total hours.[9]  (Doc. #12, Exhibit 2; Doc. #16, Exhibit B.)  Although the Plaintiff claimed that she worked 2,080 hours of overtime, she overestimated this calculation because the length of her shifts varied from day to day.  Based on the Plaintiff's time sheets as submitted, the Court calculates that the Plaintiff worked 735.75 overtime hours (Doc. #12, Exhibit 2; Doc. #16, Exhibit B).

The Plaintiff worked an average of fifty-six hours per week based on the fifty time sheets filed with the Court (Doc. #12, Exhibit 2; Doc. #16, Exhibit B).  Therefore Plaintiff averaged forty hours of work at the regular rate of compensation pay and should have been paid sixteen hours of work at the overtime rate of compensation for the fifty weeks of time logs.  Based on these time sheets, the Court finds the Plaintiff worked an average of sixteen hours of overtime per week for the relevant time period of fifty-two weeks.[10]

The unpaid overtime compensation is then calculated by multiplying fifty-two weeks

---

[9]The Court counted the hours on the duplicate trip tickets once based on Plaintiff's testimony that she was only paid once for any identical trip tickets (Tr. 26).

[10]The Plaintiff claimed her relevant time period encompassed fifty-two weeks of paid employment, however two weeks of time logs were missing from the Plaintiff's possession. In reviewing the records, the Court noted Plaintiff was not paid for holidays, days of inclement weather, and days when there were no hauling jobs. However, the Plaintiff was paid in a few instances for vacation time.  The Court has based Plaintiff's overtime compensation on a fifty-two week time period.

of work by sixteen hours of overtime per week to equal 832 total overtime hours.  Plaintiff

has already been paid her regular rate of pay, twelve dollars per hour, for the 832 total

overtime hours.  Therefore Plaintiff is entitled to an additional one-half of her regular rate

of pay, or six dollars for each overtime hour.  Six dollars is then multiplied by 832 overtime

hours to equal $4,992.  Accordingly, the Defendant is liable to pay Plaintiff $4,992 in unpaid

overtime compensation under the FLSA.

2. Liquidated Damages.

29 U.S.C. § 216(b) of the FLSA states, "an employer who violates the provisions of

section 206 or section 207 of this title shall be liable to the employee or employees affected

in the amount of their . . . unpaid overtime compensation . . . and in **an additional equal**

**amount as liquidated damages**" (emphasis added).  An employer may avoid the

mandatory nature of an award of liquidated damages if the court chooses not to make an

award where the employer shows its actions were in good faith and shows it had

reasonable grounds for believing that those actions did not violate the FLSA.  *See*

*Rodriguez v. Farm Stores Grocery, Inc.*, 514 F.3d 1207, 1221 (11th Cir. 2008); *see also* 29

U.S.C. § 260.  The employer bears the burden of establishing both the subjective and

objective components of that good faith defense against liquidated damages.  *Rodriguez,*

514 F.3d at 1221.

Plaintiff alleged that Defendant acted willfully in failing to pay Plaintiff the required

overtime compensation (Doc. #1 at 3).  As a defaulted party, Defendant has admitted these

allegations.  Additionally, by failing to answer the complaint Defendant has not presented

a defense that the failure to pay overtime compensation was in good faith, so the Court

must require the employer to pay liquidated damages. Such liquidated damages are mandatory unless the employer demonstrates its actions were in good faith and shows it had reasonable grounds for believing that those actions did not violate the FLSA. 29 U.S.C. § 260. Thus, Defendant is liable to pay Plaintiff $4,992 in liquidated damages, which equals the amount of unpaid overtime wages.

*C. Attorney's Fees and Costs.*

Prevailing plaintiffs under the FLSA are automatically entitled to attorney fees and costs. 29 U.S.C. § 216(b).[11] Plaintiff submitted a sworn affidavit signed by her counsel, Ms. Amritt, as well as Ms. Amritt's detailed billing sheet in support of a request for $3,360 in attorney fees and $405 in costs (Doc #16, Exhibit A). The Honorable Timothy J. Corrigan, United States District Judge, previously found Plaintiff had "provided sufficient evidentiary support upon which the Court could reasonably calculate the amount of attorney's fees and costs to award." (*See* Doc. #10, Court Order, at 1.)

The Court has reviewed Ms. Amritt's hourly time entries and hourly rate (Doc. #16, Exhibit A at 1) and finds them reasonable.[12] Plaintiff also requests $405 in costs which

---

[11]29 U.S.C. § 216(b) states "the court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

[12]In *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994), the court determined:

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. . . .
> A court [] is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

includes $350 for the court filing fee and $55 for service of process (Doc #9-2, Exhibit 2 at

13-14).  The Court finds that these costs are recoverable.  Therefore, Defendant is liable

to pay the Plaintiff $3,360 in attorney's fees and $405 in costs.

## V. CONCLUSION.

Upon due consideration, it is recommended that:

1.      Plaintiff is awarded $4,992 in overtime compensation.

2.      Plaintiff is awarded $4,992 in liquidated damages.

3.      Plaintiff is awarded $3,360 in attorney's fees and $405 in costs.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of March, 2008.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

The Honorable Timothy J. Corrigan

Copies to all counsel of record

and

James Whitley, Registered Agent
Whitley Trucking, Inc.
10133 Denton Road
Jacksonville, Florida 32256

---

. . .
*Id.* at 781-82(some internal quotations and citations omitted).